**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**BARNEY J. SCHOBY, II**                                                          **PLAINTIFF**

**V.**                                                     **CIVIL ACTION NO:** <u>5:24-CV-108-DCB</u>-BWR

**DEB HAALAND, Secretary of Interior,**
in her official capacity**; and KATHLEEN
BOND, Superintendent of the Natchez National
Historic Park** in her official capacity                       **DEFENDANTS**

<u>**COMPLAINT**</u>

**NATURE OF THE ACTION**

This is an enforcement action pursuant, 42 U.S.C. Section 2000e, et. seq., Title VII of the

Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991, 42 USC 1988, Fair Labor

Standards Act of 1938, as amended, by the Equal Pay Act of 1963, and the First and Fourteenth

Amendments to the United States Constitution to correct unlawful employment practices on the

basis of race (Black) and sex (male) and to provide appropriate relief to Barney Schoby, II

(Schoby) who was adversely affected by such practices. As set out with greater particularity in

paragraphs 1 through 23 below, Schoby alleges that Defendants, acting jointly and severally,

violated the foregoing and other relevant statutes, subjecting Schoby to race and sex

discrimination when it: (1) denied him a promotion and (2) took materially adverse actions

against Schoby in response to his engaging in activity protected by the United States Constitution

and applicable federal statutes, based on his race and sex, and (3) required him to work in a

racially charged work environment. This action is also brought to enforce Schoby's rights as well

as to secure injunctive and declaratory relief against Defendants to prevent their continued

discrimination against Schoby and others.

## JURISDICTION AND VENUE

### 1.

This Court has original jurisdiction over these federal claims pursuant to 42 USC §2000e, 28 U.S.C. §§ 1331 and 1343.  This Court has authority pursuant 28 U.S.C. §§ 2202 to grant the relief sought because the case presents an actual case or controversy within the Court's jurisdiction.

### 2.

Venue is proper in this District Court pursuant to 28 U.S.C. 1391(e) in that the events giving rise to Schoby's cause of action substantially all occurred in the Southern District of Mississippi, Western Division.

## EXHAUSTION OF ADMINSTRATIVE REMEDIES

### 3.

Schoby has exhausted all of his administrative remedies as outlined below:

a.  On April 26, 2021, Schoby filed a discrimination complaint in connection to the denial of consideration for an advertised Park Ranger GS 5/7/9 position;

b.  On April 27, 2021 the Natchez National Historical Park Service (NHP) issued a Notice of Acknowledgement of Schoby's claim;

c.  An investigation of Schoby's claim was conducted between June 2021 and August, 2021:

d.  Schoby timely prosecuted an appeal to an Equal Employment Opportunities Commission Administrative Law Judge which denied Schoby an opportunity to amend his complaint on May 11, 2022;

e. On April 26, 2023, the Administrative Judge rendered an opinion to Schoby and he appealed to the Equal Employment Opportunities Commission (EEOC) which denied his appeal on March 28, 2024;

f. On May 6, 2024, Schoby filed a Motion for Reconsideration; and,

g. On July 9, 2024, EEOC denied Schoby's motion for reconsideration.

## PARTIES

**4.**

Plaintiff, who was promoted to Park Ranger in September 2024, is United States citizen and a resident of the state of Mississippi. Plaintiff is a male African American. At all times relevant hereto, Schoby was employed as a Park Guide (GS 4) (furlough) with the National Park Service, a bureau of the United States Department of Interior.

**5.**

Defendant Deb Haaland is the Secretary of the United States Department of Interior. Defendant Haaland is being sued in her official capacity as Secretary. As such she is responsible for all of the National Parks in this country including the NHP.

**6.**

Defendant Kathleen Bond, Superintendent of the Natchez National Historical Park, is an employee of the National Park Service and in complete charge of the operations of the Natchez National Park. Bond is sued in her official capacity. At all times relevant hereto, Bond was Schoby's supervisor, and the supervisor of the other employees of the Natchez National Park Services, and participated in, condoned, encouraged or exercised deliberate indifference to the discrimination that has been perpetrated against Schoby since his full-time employment with the

National Park Service.

## STATEMENT OF FACTS

### 7.

Plaintiff Barney Schoby, II (Schoby), is an African American male who graduated from Alcorn State University in 2010 cum laude, with a degree in History. He became involved with the Natchez National Historic Park (NHP) in 2010 as a volunteer. In 2012, he enrolled in graduate school at Alcorn State University and was hired by the NHP as a Pathway Student in the position of a GS 5 Park Ranger. This program was designed to assist in recruiting minorities.

### 8.

After graduating in 2015 with a master's degree in work Force Education, Schoby was offered employment with NHP. Superintendent Kathleen Bond (Bond) told the acting Chief Ranger, Jeff Mansell, a white male, (Mansell) that Schoby could be hired as a 5-7-9 Park Ranger or as a Park Guide, but it was left up to him. Schoby was informed by Mansell that in order for him to be a full-time employee with NHP he would be required to take a demotion to a GS 4 (furlough) Park Guide. Schoby accepted the employment as a GS 4 furlough, which means that he is off two weeks a year without pay. Previously, the furlough period was four weeks.

### 9.

During his first year of employment with NATC, Schoby won the Flat Hat Award. The National Park Service Travelers Club, the largest park service organization, travels to parks all over America. It has over 2000 members, and they visit the majority of the parks that exist within the United States Park Service. After visiting the various parks across the country, they select one Ranger who they feel has provided the best interpretive experience. They evaluate the

candidates and submit names of Rangers based on their experience at the various parks. Schoby

was selected that ranger. Schoby has received numerous awards and accolades including Angels

on the Bluff, USCT living history reenactments, Rhodes Scholar program, William Johnson

Lead Excursion Boat Tour Ranger, $1,000 Stare Award Recipient Programs, a $600 Customer

Service Bonus and the City of Natchez declared January 16, 2016, Barney Schoby, II Day.

Schoby was the only person in his unit that had a diverse educational outreach program which

included public schools and predominately white private schools including the University of

Southern Mississippi.

## 10.

Mansell, NATC historian, promised Schoby that Schoby's father would be honored as a

pioneer in civil rights on the one of the Natchez Minute radio spots. Schoby's children were to

make the presentation regarding his father and Schoby was to make a presentation regarding

Robert Johnson, a black barber and businessman, who lived in Natchez during the civil war.

Mansell refused to do the minute on Schoby's father. Schoby filed a complaint with Bond

regarding the matter. Schoby was never appraised what action, if any, was taken as a result of the

Mansell complaint.

## 11.

Subsequently, Mansell, the same person that required Schoby to accept a demotion, took

the key to the break room at Johnson House, a Park Service property, and hid it in a file cabinet.

Mansell instructed the white employees not to tell Schoby or Calvontis Dee (Dee), a black

student employee, where the key was located. Robin Barker, a white former employee, informed

Schoby about what Mansell had said and where the key was located.  Schoby filed a complaint

regarding this matter with David Slay, his supervisor and chief of Interpretation for NHP.

Slay supposedly reported the Johnson House key incident to the Human Resources Specialist in Atlanta and conducted an investigation into the matter, which did not include interviewing Mansell, Schoby, or Dee, or reporting the incident to Bond, Mansell's supervisor, which he was required to do.  Slay says that he did not talk to Mansell because his name was not brought up as the one hiding the key.  Bond said she did not know about the incident until it came to her attention later. She said she understood that it was Slay's staff that was involved but did not have anything to contradict Schoby's claim that it was Mansell.

## 12.

Melissa Daley (Daley), a white female, who was hired instead Schoby, has continuously harassed Schoby. She questioned a sculptor about his authority to do a likeness of Schoby regarding a project that had been approved by Bond and Slay. Even though Daley was not Schoby's supervisor or in his chain of command, she ordered Schoby to close the front gate and to post delayed opening signs. She, also, tried to regulate Schoby's lunch hours. She reported to Slay that Schoby was allegedly returning from lunch late. Slay reacted by instructing Schoby to text him when he leaves for lunch and when he returns.  Upon information and belief none of the other NHP employees were required to do likewise.

## 13.

Melissa Thames, a white female, (Thames) placed cameras in Schoby's office to monitor Schoby. Slay says that this occurred prior to his employment but he heard about it and confiscated the cameras. Thames, also, claimed that some anonymous visitor reported to her that the visitor had heard Schoby using inappropriate language on the telephone. This resulted in Slay

supposedly reporting the matter to Human Resources as opposed to his supervisor, Bond. Schoby was not informed regarding what allegedly occurred or was allegedly said until he contacted Human Resources.

**14.**

Bond, Slay and Gordon decided to advertise for a vacant GS 5/7/9 position and to solicit applications nationwide in an effort to reduce the chances of Schoby being selected. They decided to use a panel to evaluate qualified candidates based completely on their resumes. The panel was composed of Amy Gordon, a white female, (Gordon) who worked directly for Bond and Melissa English Rias, a black female (Rias) from Atlanta who Bond knew. Bond stated that panels are only required for GS 11 and above and not for lower grade levels. The most recent employee hired at NHP, who required a panel was Slay, in 2016. The last time a panel was used at NHP was for a GS 12 position. However, the candidates withdrew. The panel, according to Rias, was to evaluate candidates based on five criteria, their work with diverse groups, education background, special events and cultural park experience and working with diverse groups. Gordon used those categories plus some additional categories that she added.  The process, after Slay's final selection, resulted in three (3) white females, Barbara Justice, Sarah Lent and Ellen McElfish, to be interviewed but no one was hired. These individuals were not employees of NHP.

**15.**

On December 31, 2021 Slay informed Human Resources in Atlanta that it had been decided not to fill the position, but they intended to advertise for a 7-9 Park Ranger and 3 GS 5 Park Rangers over the Winter. The certificates of eligibility for the 5/7/9 expired on January 4,

2022. Melissa Daley (Daley), a white female, who had taken part in the interview process and was not ranked by Gordon because she had a total score of less than 3.6 from Human Resources purportedly submitted a request for a hardship transfer on January 8, 2022. Daley, who had worked with Slay at the Vicksburg National Military Park, was hired in the position based on a transfer request.

## 16.

All of the division heads at the Natchez Park Service are white. The hiring process at NHP has been arbitrary, capricious and the product of racial preference. Shelby Atyen, a white female, worked as a part time service assistant as student at a GS 3 level. When she completed her school work she was hired as a park guide at a GS 5 level. The position was not advertised. As far a Schoby knows, no one else had an opportunity to compete for the position.  Cara Mia Taylor, a white female former administrative assistant, is a GS 5 or 6 who started as GS 4 park guide. According to Bond, if Taylor had one year as a grade four, then she would qualify to apply for a GS 5. She has been at GS 5 or 6 for several years. Mia Taylor was hired after Schoby. Both were promoted over Schoby.  Over the five to six years preceding the hire of Daniel Hass, a white male, no one was hired at NHP. Hass was hired in 2023 in a vacant GS 5 position.

## 17.

Bond said that Schoby has many good qualities as an employee. He has brought favorable recognition to the Natchez Park Service. She has received complimentary correspondence regarding Schoby. She has complimented Schoby on his performance as a park guide.  Schoby is the only one who has an outreach program with the Natchez Public School system.  He was requested by the University of Southern Mississippi to do a presentation. There

have been many other accolades bestowed on Schoby over the last 12 years.

## CLAIMS FOR RELIEF

### COUNT I

### Disparate treatment Title VII/ 14th Amendment

**18.**

Plaintiff realleges the allegations in paragraph 1-17.

**19.**

Defendants have treated Plaintiff different from the way they treated white females in connection with being promoted. White females were promoted without providing Plaintiff with an opportunity to compete for the position or even considered or requiring them to compete. This was equally true with respect to the one white male that was promoted.

20.

This unequal treatment based on sex and race violates TitleVI and the equal protection clause of the 14th Amendment.

### COUNT II

Retaliation

21.

Plaintiff realleges the allegations in paragraphs 1-20.

22.

Plaintiff continued to be retaliated against over the years by not allowing him to advance beyond a GS 4 pay level because he continued to complain about and report what he viewed as unfair treatment.

23.

This was done in violation of Title VII and the First Amendment of the Constitution by penalizing him for exercising these rights.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, **BARNEY SCHOBY**, requests that this Court enter judgment in her favor and award her the following relief:

A. Declare that the actions of Defendants constitute discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964.

B. Order Defendants to cease and desist from all future discrimination and retaliation against Plaintiff and other women within the NPS and Department of Interior.

C. Award Plaintiff economic and non-economic damages in an amount to be determined at trial, for her loss and injury including, but not limited to, economic loss, embarrassment, humiliation, emotional pain and suffering, physical injuries, inconvenience, and other non-pecuniary losses and deprivation of her right to equal employment opportunities, in an amount to be determined, but in no event less than $400,000.00 and/or the maximum permitted by law for each violation.

D. Award Plaintiff all lost salary and benefits that she would have received had Defendants not engaged in unlawful discrimination and retaliation, including appropriate back pay, benefits and front pay.

E. Order the Defendants to give a positive recommendation when contacted by prospective employers of Plaintiff.

F. Order the Defendants to give positive and appropriate preferential consideration

for any employment positions she may apply for.

G. Award Plaintiff prejudgment interest.

H. Award Plaintiff  reasonable attorney's fees and costs incurred in this action and

the administrative claim that preceded it;

I. Award such other relief as the Court deems appropriate and just.

JURY DEMAND

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedures, Plaintiff requests a trial

by jury as to all issues in this case.

THIS the 7th day of October, 2024.

Respectfully submitted,

BARNEY SCHOBY II

By:/s/ Everett T. Sanders
Everett T. Sanders, M.S.B.#6443
SANDERS LAW FIRM
P.O. Box 565
Natchez, MS 39121
Telephone: 601-445-5570
Facsimile:  601-445-0777
Email: esanders@sanlaw.net